<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CARLIS RODRIGUEZ-REYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-03759 (BRM)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Carlis Rodriguez-Reyes' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging a final, expedited removal order entered against him while he is in the custody of the Bureau of Prisons ("BOP") (ECF No. 1), and Respondents' letter response (ECF No. 7). Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Petitioner's Petition is **DENIED**.

Petitioner is a federal prisoner confined in the Federal Correctional Institution Fort Dix, Fort Dix, New Jersey ("FCI Fort Dix"). (ECF No. 1 at 5, 9.) On March 2, 2023, Petitioner was paroled into the United States solely for the purpose of criminal prosecution. (*Id.* at 9.) On November 1, 2023, Petitioner pled guilty in the United States District Court, District of Puerto Rico, to one count of conspiracy to possess, with intent to distribute, cocaine, aboard a vessel subject to the jurisdiction of the United States. (ECF No. 7-1.) On January 30, 2024, Petitioner was sentenced to sixty-three (63) months of imprisonment. (*See id.*) On February 3, 2026,

immigration officials issued a final expedited order of removal against Petitioner pursuant to 8 U.S.C. § 1225(b)(1). (*See* ECF No. 7-3.)

On April 9, 2026, Petitioner filed his Petition challenging immigration officials' issuance of the removal order on several grounds. (*See generally* ECF No. 1.) Specifically, Petitioner alleges: (1) § 1225(b)(1) does not apply to him because he has been in the country for more than two years; (2) immigrations officials failed to follow their own regulations in entering the order; (3) the expedited removal order violates a stay issued by the United States District Court for the District of Columbia; and (4) the issuance of the expediated removal order violates due process as he did not receive a hearing or credible fear interview. (*Id.* at 11–30.) All of Petitioner's challenges seek to have his expedited removal order reviewed, vacated, and overturned. (*Id.* at 32–33.)

On May 11, 2026, Respondents responded, arguing Petitioner is challenging the issuance of the expedited removal order, and 8 U.S.C. § 1252(a)(2) deprives the Court of subject matter jurisdiction over Petitioner's claims. (*See generally* ECF No. 7.) The Court agrees.

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

In his Petition, Petitioner seeks to challenge his final, expedited order of removal entered pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 1.) This Court's jurisdiction over challenges to such removal orders, however, is extremely limited. As the Third Circuit has explained, 8 U.S.C. § 1252 expressly limits the jurisdiction of district courts to consider challenges to expedited removal orders to three questions: whether the petitioner is a noncitizen, whether he was ordered removed,

2

and whether he can show he was previously lawfully admitted for permanent residence, as a refugee, or granted asylum, without that status being terminated. *See Castro v. United States*, 835 F.3d 422, 430 (3d Cir. 2016) (discussing 8 U.S.C. § 1252(e)). Where, as here, the petitioner admits he is not a United States citizen and does not assert he was relevantly lawfully admitted—in this case Petitioner was paroled into the United States solely for criminal prosecution—the Court's jurisdiction is limited to whether an expedited removal order "in fact was issued and whether it relates to the petitioner." *Id.* (quoting 8 U.S.C. § 1252(e)(5)). Therefore, a reviewing court can only determine "whether an immigration officer issued that piece of paper and whether the [p]etitioner is the same person referred to in that order." *Id.* at 431 (quoting *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1163–64 (D.N.M. 2014)).

Accordingly, absent a viable claim that the statute violates the suspension clause as applied to Petitioner, Petitioner's challenges to his expedited removal order are barred by § 1252, and this Court may only determine whether the expedited order Petitioner seeks to challenge was issued and does apply to him. *Id.* As to those questions, the answer in this matter is clear—the order was in fact issued, and it clearly refers to Petitioner. (*See* ECF No. 7-3.) Petitioner therefore has a final, expedited order of removal that applies to him, and this Court cannot review that order or the process which led to its issuance unless Petitioner can show 8 U.S.C. § 1252 violates the suspension clause as applied to him.

Noncitizens apprehended at or near the border or a port of entry generally cannot mount a suspension clause challenge to § 1252 absent the development of a special relationship between the noncitizen and the United States or a particular state which creates "significant ties to this country" that would warrant additional procedural protections beyond those normally available to such aliens. *See Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 166–67 (3d Cir. 2018). The only

3

such relationship the Third Circuit has recognized as creating such "significant ties" is the grant of Special Immigrant Juvenile status, which Petitioner does not allege he possesses. *Id.* at 168. As Petitioner does not appear to have developed any special relationship with the United States during his time in this country—all of which has been spent in criminal detention following his parole into the United States solely for the purposes of criminal prosecution—binding caselaw indicates he cannot invoke the suspension clause to overcome the jurisdictional limitations of § 1252 on the record currently before the Court. *Osorio-Martinez*, 893 F.3d at 166–68; *Castro*, 835 F.3d at 444–48. Petitioner's Petitioner must therefore be dismissed without prejudice as this Court lacks jurisdiction to address Petitioner's challenges to his expedited removal order in the absence of a clear violation of the Suspension Clause.

Accordingly, and for good cause appearing,

**IT IS** on this 11th day of June 2026,

**ORDERED** that the Petition (ECF No 1) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Opinion and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

4